## UNITED STATES v. FIRST NAT. BANK OF BROWNWOOD, TEX., et al.

District Court, N. D. Texas, San Angelo Division.

April 1, 1935.

Clyde O. Eastus, U. S. Atty., and Frank B. Potter, Asst. U. S. Atty., both of Fort Worth, Tex., for the United States.

ATWELL, District Judge.

A verified complaint against the First National Bank and the Citizens' National Bank of Brownwood, Tex., by the United States, in its own right, and on behalf of W. W. Bourn, sets forth that on October 3, 1934, there was loaned by the United States of America, through the Farm Credit Administration, to W. W. Bourn, $280 for the purpose of making a crop on his Brown county farm. A description of the farm is set out, and it is alleged: That the loan was payable on August 31, 1935, with interest at the rate of 5½ per cent., secured by a chattel mortgage on all of the crops, "grown, planted, or harvested during the year 1935 on the land described"; that the $280 was forwarded in the form of a check drawn on the Treasury of the United States, to Bourn, who deposited it in the Citizens' National Bank of Brownwood, at which time he called the attention of that bank to the nature of the fund and had them make a memorandum of the number and amount of the check, and that it was a trust fund for the purpose of cultivating the crop; that shortly after its deposit the First National Bank filed a suit in the state court against Bourn, alleging an indebtedness, and caused a writ of garnishment to issue and be served upon the defendant Citizens' National Bank; that by reason of that situation the Citizens' National Bank has failed and refused to honor any checks drawn by Bourn, and he has been unable to use the money for the purposes for which it was loaned to him; that both of the banks had knowledge of the nature and character of the loan and after notice, have failed and refused, and still fail and refuse, to permit Bourn to have such money or any part thereof; that the security which the government has for the repayment is the mortgage of the crop which is to be planted and grown, with the aid of said fund. There is the customary allegation of irreparable injury, and no adequate remedy at law.

The particular section of the Act of the Seventy-Third Congress, which relates to the matter, is as follows: "The moneys authorized to be loaned by the Governor under this Act are declared to be impressed with a trust to accomplish the purposes provided for by this Act, namely, the production, planting, fallowing, cultivation of crops, and feed for farm live stock, which trust shall continue until the moneys loaned pursuant to this Act have been used for the purposes contemplated by this Act." Act Feb. 23, 1934, § 3 (a), 48 Stat. 354.

Language could hardly be stronger nor more definite. If the money so loaned by the government is to be at the hazard of former debts of the borrower, the attempt of the Congress to relieve the borrower's situation of inability to grow a crop would be futile.

All questions of constitutionality, rights of property, and other interesting suggestions that instantly arise in the mind of bench and bar, may, for the purpose of this preliminary move, be pretermitted.

If there is a desire to be heard, a motion to dissolve may be presented by the defendants.

Preliminary injunction is granted.